The opinion of the court was delivered by
DeBlanc, J.
This suit was brought, in the Fifth District Court for *1405 the parish of Orleans, by the executor of J. M. Caballero’s will, and by Mrs. Conte, the daughter of said deceased, to recover from defendants who all reside in this city, except J. A. Fernandez y Loneros, whose •domicil is admitted to be in the parish of St. Bernard, an improved lot of ground situated within the limits of New Orleans, the apparent title to which stands in the name of y Loneros, and is assailed in this suit as •a simulation concocted by him and two of the other defendants.
To this extent, plaintiffs’ action is one in revendication and could— at their choice — have been brought either in the parish of Orleans or that of St. Bernard. This is indisputable.
O. P. 163.
Of the plaintiffs’ moneyed demands, the first — that for rents — is, in •substance, one for damages, which Mrs. Conte conceives that she has •■suffered, on account of y Loneros’ alleged trespass on the real estate which she claims by inheritance from Caballero, and those damages are fixed at an amount which she and the executor presumed to be equal to •the revenues which the property would have yielded since she has been deprived of its possession. That demand was properly brought before the judge of the place where the revendicated property is situated.
C. P. 165, No. 8.
As to those revenues, their action is but an incident to the main action; the action to recover the property, and its branch — that to recover its revenues, are nearly as closely linked and germane to one another, as a demand for the principal of a debt and the interest which has accrued on that principal. In this instance, the incidental demand Is — not only not contrary to nor exclusive of the main one — but arises from the very act which produces the latter.
The last of plaintiff’s demands — that for the value of the property, In ease it be ascertained that defendants — taking advantage of their concocted simulation — have so encumbered the property that its recovery in kind would amount to its loss — is not inconsistent with the others. They ask the property itself, as they allege it was before the simulation, free of incumbrances — or its value, if defendants have burdened it with Tights which may be enforced against it and exceed its value.
These different demands could be and were properly cumulated.
15 A. 293 — C. P. 7-151 — 4 A. 28 — 6 R. R. 468.
It is, therefore, ordered, adjudged and decreed that the judgment •appealed from is annulled, avoided and reversed, and this case remanded to the lower court, to be proceeded with according to the views herein expressed and according to law: the costs of this appeal to be paid by defendants.